GUSTAVUS TRUNK'S COMMITTEE, ET AL. *v.* EASTERN KENTUCKY LUNATIC ASYLUM, ET AL.

[Abstract Kentucky Law Reporter, Vol. 6—521.]

**Right to Sue in Lunatic's Name.**

A person has no right to use the name of a lunatic and maintain an action affecting him without the consent of the lunatic's trustee or at the instance of the court when the commissioner fails to protect the interests of his ward.

**Rights of Lunatic's Creditor.**

Where a trustee of a lunatic seeks to set aside a sale, if a creditor has any lien on the property or fund arising from the sale, he may by petition be made a party to the suit and thus have his rights adjudicated.

APPEAL FROM LOUISVILLE CHANCERY COURT.

January 10, 1885.

OPINION BY JUDGE PRYOR:

This is a peculiar case. The creditor has made his debtor a plaintiff in the action and seeks to subject the estate of the debtor to the payment of its claim. The debtor is a lunatic confined in the asylum and has a trustee appointed and qualified to protect his interest. The appellee, Eastern Kentucky Lunatic Asylum, has no right to use the name of this lunatic without the consent of the trustee or at the instance of the court when the committee fails to protect the interest of his ward, and particularly when the rights of the two, the asylum and the lunatic, are in direct antagonism. Besides if the trustee succeeds in setting aside the conveyance to Cromise there is no complaint to be made by the lunatic or his trustee as against the former trustee, Cochran, or the sureties of Cochran.

It is the interest of the lunatic that the chancellor must protect and if his land has been sold for less than its value and under circumstances that indicate bad faith on the part of the trustee and the purchaser the sale should be set aside. Whether this is the case is yet to be developed and the trustee of the lunatic will not be allowed to assert claim to both the land and the money that constitutes the proceeds of the sale made at the instance of the former trustee. Nor will the creditor of the lunatic be allowed to elect for the trustee by making the lunatic a party plaintiff with him in his action to compel Cromise to pay the purchase money. The trustee has the right to judge for himself in adopting the remedy that will protect his ward's interest until he appeals to the chancellor, and the proper mode for the Asylum to present its claim, if it has any, is by petition to be made a party to the suit of *Trustee v. Cromise,* if it claims a lien on the fund arising from the sale by Cochran. We see no reason, however, why the case may not be consolidated with that of Cromise, but it must be at the cost of the appellee as the lunatic nor his trustee should not be made responsible for any of the costs in the present action.

Judgment *reversed* and cause remanded for proceedings conforming to this opinion.

*Rodman & Brown, A. P. Humphrey, John S. Kline, for appellant.*
*Jas. G. Givens, J. F. Bullitt, Jr., for appellees.*

[Cited, *Stone v. Cromie,* 87 Ky. 178, 10 Ky. L. 19, 7 S. W. 920.]